**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PATRICIA ANN EAVES,

Plaintiff,

vs. No. CV 97-785 SC/LFG

McCLAUGHERTY, SILVER, DOWNES,
BACA & ELLINGTON, P.A., and
CATRON, CATRON & SAWTELL, P.A.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendants' Joint Motion for Summary Judgment, filed July 9, 1997 (Doc. No. 9), and on Defendants' Joint Motion for Imposition of Rule 11 Sanctions, filed October 17, 1997 (Doc. No. 23). For the reasons contained in this opinion, the motion for summary judgment will be GRANTED, and the motion for sanctions will be DENIED.

Plaintiff brings this action for legal malpractice, breach of fiduciary duty, intentional infliction of emotional distress, constructive fraud, and other claims against the law firms that represented her during her divorce in the First Judicial District Court, State of New Mexico. Jurisdiction is based on diversity of the parties and is not contested.

**Background.**

The following facts are not disputed. Attorney Kathrin Kinzer-Ellington began representing Plaintiff Patricia Ann Eaves ("Eaves") while she was a shareholder and employee of Defendant Catron, Catron & Sawtell, P.A. ("the Catron firm"), and continued that representation after she joined Defendant McClaugherty, Silver, Downes, Baca & Ellington, P.A. ("the McClaugherty firm"). After a dispute about the payment of attorney's fees for the divorce case, attorney Kinzer-Ellington obtained an *ex parte* order from the court allowing her to withdraw from representing Eaves in the case.

Thereafter, the two law firms filed suit against Eaves in state court in New Mexico on a promissory note that she had signed to guarantee payment of the attorney fees. By this time Ms. Eaves had moved to Texas to attend law school, and she challenged the court's personal jurisdiction over her. She also filed a counterclaim against the two law firms, claiming legal malpractice and a host of other allegations that are substantially identical to those in the complaint in this case.

Claiming that no discovery could proceed until the question of personal jurisdiction had been resolved, Ms. Eaves failed to answer interrogatories or respond to requests for production relating to her counterclaim. The law firms filed a motion to compel, which Plaintiff says was not properly served on her. The court granted the motion, and Plaintiff does not deny that she received a copy of the court's order compelling discovery. Ultimately the court imposed a default judgment against Eaves as a sanction for violating discovery rules, and dismissed her counterclaim with prejudice

after a telephone hearing on April 30, 1997. This suit was filed on June 9, 1997.

**Summary Judgment Standards.**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court considers all evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The nonmoving party, however, may not rely upon unsupported allegations without " 'any significant probative evidence tending to support the complaint.' " Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (*quoting* First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). Summary judgment may be entered "against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case" and on which that party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If the moving party establishes its entitlement to judgment as a matter of law given uncontroverted, operative facts contained in the documentary evidence, summary judgment will lie. *See* Anderson, 477 U.S. at 251-52.

**Discussion.**

Defendants contend that *res judicata* bars the complaint in this case because the issues are the same as in the state court counterclaim, which was resolved against Plaintiff by the default judgment and dismissal with prejudice of her counterclaim.

The state court judgment in this case should be given the same preclusive effect in

federal court as it would in state court. 28 U.S.C. § 1738; Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-81 (1984); Allen v. McCurry, 449 U.S. 90, 95-96 (1980). Under New Mexico law, claim preclusion requires identity of the first and second lawsuits as to (1) parties or privies, (2) capacity or character of persons for or against whom the claim is made, (3) cause of action, and (4) subject matter. Kepler v. Slade, 119 N.M. 802, 804, 896 P.2d 482, 484 (1995); Silva v. State, 106 N.M. 472, 474, 745 P.2d 380, 382 (1987).

Plaintiff does not dispute that the claims are identical in the counterclaim she filed in state court and the complaint in this case. She also does not contest the identity of the parties. She argues, however, that because her counterclaim was resolved by default judgment, *res judicata* principles should not apply as a bar to this litigation. She also argues that the state court entered its default judgment without affording her due process of law.

Under the doctrine of *res judicata*, a judgment on the merits in a prior lawsuit bars a subsequent action involving the same parties and the same cause of action. Kepler v. Slade, 119 N.M. 802, 804, 896 P.2d 482, 484 (1995). A dismissal with prejudice for failure to cooperate in discovery is an adjudication "on the merits" for purposes of the preclusive effect of *res judicata*. Chalmers v. Hughes, 83 N.M. 314, 315-16, 491 P.2d 531, 532-33 (1971). In this respect, New Mexico recognizes a difference between *res judicata* (claim preclusion) and collateral estoppel (issue preclusion):

> Collateral estoppel differs from *res judicata* in that the issue

> to be estopped must actually have been litigated, whereas *res judicata* bars relitigation of any issue which was, or might have been, litigated in the first suit. ... In New Mexico, we recognize that default judgments do not have collateral estoppel effect in future litigation, although they may have *res judicata* effect.

Blea v. Sandoval, 107 N.M. 554, 558, 761 P.2d 432, 436 (Ct. App.1988) (citation omitted). *See also* First State Bank v. Muzio, 100 N.M. 98, 101, 666 P.2d 777, 780 (1983), *overruled on other grounds,* Huntington Nat. Bank v. Sproul, 116 N.M. 254, 861 P.2d 935 (1993). Therefore, I conclude that *res judicata* may be applied to bar the complaint in this case even though the prior judgment and dismissal were by default as a sanction for violating discovery rules.

Plaintiff argues that the default judgment in the state case violated her due process rights in several ways: (1) the case was decided by the state court judge on the telephone and not in a trial by jury; (2) Plaintiff did not realize the motion for default judgment seeking dismissal of her counterclaim would be decided in the telephone call; (3) she had filed several motions over a nine-month period attacking *in personam* jurisdiction, which were not ruled on until the time of the telephone call; (4) she was not allowed to present evidence that would have had a bearing on the court's final decision; (5) she should not have had sanctions imposed against her for failure to respond to discovery because she had taken the legal position that discovery could not commence until the matter of the court's personal jurisdiction over her had been decided, and as soon as that issue was ruled on, she offered to comply with discovery; and (6) the motion to compel

interrogatory answers was not served on her because it was misaddressed.

"A State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to afford full faith and credit to such a judgment. [28 U.S.C.] Section 1738 does not suggest otherwise; other state and federal courts would still be providing a state court judgment with the 'same' preclusive effect as the courts of the State from which the judgment emerged." Kremer v. Chemical Const. Corp., 456 U.S. 461, 482 (1982).

"*Res judicata* does not apply if the party against whom an earlier decision is asserted did not have a 'full and fair opportunity' to litigate a claim or issue." In re Griego, 64 F.3d 580, 584 (10th Cir. 1995), (*quoting* Kremer, 456 U.S. at 480-81 & 481, n. 22). *See* Meyers v. Olson, 100 N.M. 745, 746, 676 P.2d 822, 823 (1984) (*res judicata* will ordinarily preclude claim where there has been full and fair opportunity to litigate all issues arising out of that claim). Redetermination of the issues may be warranted "if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." In re Griego, 64 F.3d at 585; *see also* Morgan v. City of Rawlins, 792 F.2d 975, 979 (10th Cir.1986). However, where the fairness issue was or could have been litigated in the prior litigation, the due process issue, too, is *res judicata*. In re Griego, 64 F.3d at 585; Hanley v. Four Corners Vacation Properties, Inc., 480 F.2d 536, 538 (10th Cir.1973).

There is no reason the due process issues could not have been presented to the state court, by way of motion or appeal. If they were not, Plaintiff's failure to do so gives

her neither another chance to litigate those issues, nor a second opportunity to litigate the other related issues in her complaint.

Plaintiff claims there were other types of unfairness and/or errors in the state court litigation. First, she argues that the discovery sanction of dismissal should be imposed only in the most extreme circumstances, and that this was not an extreme case. As to her counterclaim for legal malpractice and assorted other causes of action, she argues that she could not properly litigate it in state court because the McClaugherty firm had placed an attorney's lien on her file, and that many items in her file would have supported her claim of legal malpractice. As to the promissory note itself, she argues that she signed the note under duress, and she questions whether her purported signature on the note is genuine. She also contends that the amount of the note is excessive because she was told her divorce case would cost much less. Finally, Plaintiff contends there were irregularities and ethical lapses in her attorney's withdrawal from the divorce case.

All these issues, too, were or could have been presented to the state court, and cannot be resurrected in this action.

I conclude that there are no disputed issues of material fact, and that Defendants are entitled to judgment as a matter of law on their defense of *res judicata*.

**Rule 11 Sanctions.** Defendants seek to recover their reasonable attorneys' fees and other expenses incurred as a direct result of Plaintiff's filing of her Complaint in this case. They claim that Plaintiff violated Fed. R. Civ. P. 11(b)(2), which provides:

> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
>
> **...**
>
> **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; ...

Defendants argue that Eaves is a law student whose "legal training was sufficient to inform her of the principle of *res judicata*." Def. Brief at 3. Defendants also point out that Eaves was warned that failure to withdraw her Complaint might lead to Rule 11 sanctions, and that she refused to withdraw it.[1] A knowledge of the principle of *res judicata*, however, does not mean that maintaining a defense against application of the principle is sanctionable. Plaintiff's argument about unfairness of the state court proceeding may have been deficient under existing law, but I do not find it to be sanctionable.

NOW THEREFORE IT IS ORDERED that Defendants' Joint Motion for Summary Judgment should be and is hereby GRANTED. A Summary Judgment shall be issued contemporaneously with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that Defendants' Joint Motion for Imposition of

---

[1] Rule 11(c)(1)(A) effectively gives a party 21 days to withdraw or correct a challenged pleading.

Rule 11 Sanctions should be and is hereby DENIED.

SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff: Patricia Ann Eaves, *pro se*

Counsel for Defendant McClaugherty, Silver, Downes, Baca & Ellington, P.A.: John M. Brant, RODEY, DICKASON, SLOAN, AKIN & ROBB, Albuquerque, N.M.

Counsel for Defendant Catron, Catron & Sawtell, P.A.: W. Anthony Sawtell and Beverly A. VanSoelen, CATRON, CATRON & SAWTELL, Santa Fe, N.M., *pro se*.